UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11096-RGS

ROBERT BRAUN

v.

JAMES J. YARATZ III and MJY CUSTOM
HOME BUILDING, LLC

MEMORANDUM AND ORDER OF DISMISSAL

September 24, 2010

STEARNS, D.J.

Pro se Robert Braun filed this diversity action against defendants James J. Yaratz III and MJY Custom Home Building, LLC (MJY). The lawsuit is based on an August 4, 2004 written contract to renovate a six-unit apartment building located at 68 to 78 Wilson Street in Billerica, Massachusetts. The contract specifies that MJY was to pay for materials and labor ($50 per hour for "tradesmen" and $25 hourly for "laborers and helpers") "and hire subcontractors when advantageous." Braun claims that defendants "grossly underestimated the total cost of the project as clearly defined in the Architect's drawings and stated on the building permit to the Town of Billerica [dated] October 2003."[1] Compl. ¶ 44. Braun asserts that in late 2003 and early 2004, defendants submitted fraudulent bills for goods and services. Braun paid the monthly invoices from August of 2003 until February of 2004, when he "discovered the billing irregularities." Id. ¶ 14. He "hired Dan Kelly to monitor the construction site daily starting March 1, 2004. Daily

---

[1] "Yaratz gave a verbal estimate to the Plaintiff that the total cost of the project would cost under $250,00." Compl. ¶ 9.

inspections revealed very little activity at the work site. [Braun] refused to pay MJY for part of February and put a stop payment order on an outstanding check to MJY. [Braun] refused to pay MJY for invoices for March, April, May and June [of 2004]." Id. ¶¶ 14-17.

Braun also asserts that in performing work under the contract, defendants "utilized practices that were unfair, deceptive, and/or unconscionable in order to extract unjust sums of money" from him. Compl. at 1. In June of 2004, Billerica Building Inspector Milton Kinney "declared the building unsafe and ordered immediate repairs." Id. ¶ 20. "Yaratz refused to fix any of the structural deficiencies and removed his name from the permit." Id. ¶ 21. Braun hired another contractor, David Pomerantz of Constructive Solutions, to determine "the total worth of improvement made to the building as of June 11, 2004." Id. ¶ 22. Pomerantz estimated the improvements to be $79,000 – as of February 2004, Braun had paid MJY $252,000. Braun also hired a structural engineer to inspect the building on June 11, 2004, and on June 15, 2004, paid a contractor to make emergency structural repairs.

Braun filed this action on June 28, 2010. In his Complaint, Braun asserts claims for consumer protection/fraud Mass. Gen. Laws ch. 93A (Count I); breach of contract (Count II); breach of fiduciary responsibility (Count IV)[2] and unconscionability (Count V). Braun also invokes the Massachusetts consumer protection statute Yaratz seeks to be dismissed from the case in his individual capacity.[3]

---

[2]The Complaint omits a Count III.

[3]Yaratz, who is not an attorney, is not permitted under the Local Rules to bring the motion on behalf of MJY. See Local Rule 83.5.2 ("The court will not recognize the appearance of a firm or professional corporation unless it is accompanied by the

DISCUSSION

A district court may, on its own initiative, note the inadequacy of a complaint and enter a dismissal. It should do so, however, only after giving the plaintiff notice and an opportunity to address the deficiency by amending the complaint. Wyatt v. City of Boston, 35 F.3d 13, 14-15 (1st Cir. 1994). An exception applies when a complaint is incurable by amendment. See The Clorox Co. Puerto Rico v. The Proctor & Gamble Commercial Co., 228 F.3d 24, 30-31 (1st Cir. 2000), citing Wyatt, 35 F.3d at 15 n.1.

A district court lacks subject matter jurisdiction over diversity claims that fall outside the applicable statute of limitations. See, e.g., Drew v. MacEachern, __ F.3d __, 2010 WL 3505045 (1st Cir. Sept. 9, 2010) (dismissing habeas petition for lack of jurisdiction because petitioner failed to file within the AEDPA's one-year statute of limitations); Skwira v. United States, 344 F.3d 64, 71 (1st Cir. 2003) ("[F]ailure to comply with the FTCA's statute of limitations means that the district court lacks subject matter jurisdiction to entertain the suit and must dismiss it.").[4] Under Massachusetts law, the limitations period on a contract claim is six years (Mass. Gen. Laws ch. 260, § 2), four years under the consumer protection statute (Mass. Gen. Laws ch. 260, § 5A), and three years for a tort claim (Mass. Gen. Laws ch. 260, § 2A).[5] Braun knew of defendants' breach of their

---

appearance of at least one attorney.").

[4] In a diversity case, the district court applies the statute of limitations of the state supplying the substantive law, in this case Massachusetts. See Lareau v. Page, 39 F.3d 384, 387-388 (1st 1994).

[5] Braun's consumer protection claim carries a four-year statute of limitations, fraud in tort carries a three-year limitations period, the remaining claims carry the six-year contract statute of limitations.

contract and the acts underlying his tort claims as early as February of 2004. According to the Complaint, the Billerica Police performed an investigation at the site on May 11, 2004, and Braun changed the locks to prevent Yaratz and MJY from entering the building. Compl. ¶ 18. Yet Braun failed to institute this action until well after the six-year limit. Accordingly, the Complaint is "incurable" and must be dismissed.

## ORDER

For the foregoing reasons, this case is DISMISSED. The Clerk may now close it.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE